```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

KARA WRIGHT, as Personal Representative of Jane Doe 1, a minor child, and Jane Doe 2, a minor child,

        Plaintiff,

v.                                Case No: 2:16-cv-547-FtM-99MRM

INSIGHT PHARMACEUTICALS, LLC, a Delaware Limited Liability Company and WAL-MART STORES, INC., a Delaware corporation,

        Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. #18) filed on November 29, 2016. Plaintiffs filed a response in opposition (Doc. #22) to which defendants replied (Doc. #28). For the reasons set forth below, the motion is denied.

**I.**

This is a products liability case which defendants argue is time-barred. On July 8, 2016, plaintiff Kara Wright as Personal Representative of minor children Jane Does 1 and 2 (plaintiffs) filed a six-count Complaint (Doc. #1); plaintiffs are currently

proceeding on a six-count Amended Complaint (Doc. #16)[1] against defendants Insight Pharmaceuticals, LLC (Insight) and Wal-Mart Stores, Inc. (collectively "defendants"), alleging injuries from the use of Gentle Naturals® Cradle Cap Treatment (Gentle Naturals or the product) which is manufactured by Insight.[2]

The underlying facts as set forth in the Amended Complaint are as follows: On or about April 2, 2012, Jane Does 1 and 2's parent purchased a bottle of Gentle Naturals at a Wal-Mart store. (Doc. #16, ¶ 9.)  The product contained no warnings.  (Id. at ¶ 19.)  Sometime after purchase (but on no specified date(s)), plaintiffs' parents and caregiver applied the product to plaintiffs Jane Does 1 and 2 on several occasions to remove and/or prevent "cradle cap."  (Id. at ¶ 12.)  The product was sometimes applied in an outdoor plastic baby bath under the sun's exposure. (Id. at ¶¶ 12, 14.)  Through normal use of the product, the product would end up on the head, back, chest, and shoulders of Jane Does 1 and 2.  (Id. at ¶ 13.)  Sometime after the product was used (but on no specified date(s)), plaintiffs allege that a sunburn

---

[1] The original Complaint (Doc. #1) was dismissed without prejudice for failure to plead subject-matter jurisdiction. (Doc. #14.)

[2] Plaintiffs bring claims for strict liability and negligence against both defendants (Counts I and IV) and claims for strict liability and negligence for design and manufacturing defects (Counts II and V) and defective warnings/failure to warn (Counts III and VI) against Insight.

developed where the product was located on the babies' skin.  (Id. at ¶ 14.)  As a result of the sunburn, Jane Does 1 and 2's skin appearance "progressively worsened from an apparent mild sunburn, to full blistering and scabbing with drip-like patterns over the following weeks and months."  (Id. at ¶ 15.)

Plaintiffs allege that on August 1, 2012, Jane Does 1 and 2 were diagnosed with permanent loss of pigmentation resulting from use of the product on their skin in combination with sunlight – "i.e., an adverse photosensitive reaction to the product."  (Doc. #16, ¶ 16.)  After "months and years" of doctor-recommended treatment, in both 2015 and 2016, Jane Does 1 and 2 were both diagnosed with permanent loss of pigmentation in the areas where the product caused an adverse photosensitive reaction.  (Id. at ¶ 17.)  Plaintiffs Jane Does 1 and 2 continue to exhibit melanin and pigment deficient areas damaged through normal use of the product. (Id. at ¶ 18.)

## II.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).  "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The statute of limitations is an affirmative defense, and the burden of proving an affirmative defense is on the defendant. Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1292 (11th Cir. 2005). A plaintiff is not required to anticipate and negate an affirmative defense in the complaint. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). A Rule 12(b)(6) motion to dismiss on statute of limitations grounds may be granted, however, if it is apparent from the face of the complaint that the claim is time-barred. Id. at 845-46. Nonetheless, a motion to dismiss on statute of limitations grounds should not be granted where resolution depends either on facts not yet in evidence or on construing factual ambiguities in the complaint in defendant's favor. Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1252 (11th Cir. 2003). Thus, "[a]t the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense

only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." Tello, 401 F.3d at 1288 n.13.

### III.

Florida products liability actions are subject to a four-year statute of limitations. Fla. Stat. § 95.11(3)(e). The applicable statute of limitations runs "from the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence." Id. at § 95.031(2)(b). It is well established that the statute of limitations on a products liability action begins to run when a plaintiff (1) knows that she was injured, and (2) has notice of a possible connection between her injury and the product at issue. See University of Miami v. Bogorff, 583 So. 2d 1000, 1004 (Fla. 1991). Defendants assert that it is apparent from the face of the Amended Complaint that plaintiffs' claims are time-barred because they knew of their injuries and the connection to the product prior to July 8, 2012, over four years before this action was filed. Plaintiffs respond that it is reasonable to infer from the face of the Amended complaint that it was not until after July 8, 2012 that plaintiffs were aware of the source of their injury.

It is not clear from the Amended Complaint that plaintiffs had knowledge that the product was the cause of their injuries prior to July 8, 2012. Although it is true that plaintiffs allege that they purchased the product on or about April 1, 2012 and began

using the product sometime thereafter (but mention no specific dates), the face of the Amended Complaint does not state when plaintiff became aware of the injuries and made a connection between the injuries and the product.  The Court will not construe the factual allegations in defendants' favor at the motion to dismiss stage.  Accordingly, the motion to dismiss will be denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. #18) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of January, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record