```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

KARA WRIGHT, as Personal
Representative of Jane Doe
1, a minor child, and Jane
Doe 2, a minor child,

    Plaintiff,

v.                                  Case No: 2:16-cv-547-FtM-99MRM

INSIGHT PHARMACEUTICALS,
LLC, a Delaware Limited
Liability Company and WAL-
MART STORES, INC., a
Delaware corporation,

    Defendants.

---

### OPINION AND ORDER

This matter comes before the Court on the defendant's Motion for Summary Judgment (Doc. #35) filed on August 21, 2017. Finding no response, the Court directed plaintiff to file a response or the motion would be deemed unopposed and summary judgment granted in favor of defendants if appropriate. No response was filed, and the extended time to respond has expired.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if

the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The motion must be supported by citing to materials in the record, or or by showing that the nonmoving party cannot produce admissible evidence. Fed. R. Civ. P. 56(c)(1).

If a party fails to properly respond, the Court may consider the facts undisputed and "grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it. . . ." Fed. R. Civ. P. 56(e). The "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In such a case, the moving party is "entitled to a judgment as a matter of law", much like a directed verdict under Fed. R. Civ. P. 50(a). Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).

## II.

Plaintiff Kara Wright, as personal representative of Jane Doe 1 and Jane Doe 2 (Wright or plaintiff), both minor children, initiated her Complaint (Doc. #1) against defendants Insight Pharmaceuticals, LLC (Insight) and Wal-Mart Stores, Inc. (Wal-

Mart) (collectively defendants) on July 8, 2016. In the operative First Amended Complaint (Doc. #16) plaintiff seeks damages under a theory of strict liability (Counts I through III), and also under a theory of negligence (Counts IV through VI) for an allegedly defective product. Defendants filed their Answer, Affirmative Defenses (Doc. #32) after entry of the Court's Opinion and Order (Doc. #31) denying a motion to dismiss based on a statute of limitations argument.

In the First Amended Complaint, plaintiff alleges that the product Gentle Naturals Cradle Cap Treatment (product) was designed, manufactured, assembled, and inspected by Insight for treating infant cradle cap. Plaintiff purchased the product from the retailer Wal-Mart in its original container and firmly sealed. Plaintiff alleges that the minor children suffered adverse photosensitive reactions to the product resulting from the combination of the product on their skin and exposure to sunlight, and that they have a permanent loss of pigmentation in the affected areas. Plaintiff alleges that the product was defective in its design, manufacture, production, advertising, sale, and warnings rendering it unsafe for its intended use. Plaintiff also alleges as to Insight, defective design with the packaging and labeling of the product, and a failure to warn. Plaintiff alleges negligence by both defendants for presenting a product to the public for a foreseeable use and with a reasonable foreseeable danger of injury.

Plaintiff further alleges negligence on the part of Insight for the design and manufacturing of the product, and the failure to warn.

Plaintiff's disclosure of expert reports was due on August 2, 2017, with defendant's disclosure due on September 5, 2017. The discovery deadline expires on October 10, 2017. (Doc. #30.) By Declaration of Jenny A. Mendelsohn (Doc. #36), counsel for defendants states that plaintiff did not seek any discovery after serving interrogatories, and failed to disclose any experts by the deadline to do so. Plaintiff does not dispute that no expert report is available.

## III.

"In order to hold a manufacturer liable on the theory of strict liability in tort, the user must establish the manufacturer's relationship to the product in question, the defect and unreasonably dangerous condition of the product, and the existence of the proximate causal connection between such condition and the user's injuries or damages." West v. Caterpillar Tractor Co., 336 So. 2d 80, 87 (Fla. 1976). A nonmanufacturing retailer is also subject to strict liability for an alleged defective product. Visnoski v. J.C. Penney Co., 477 So. 2d 29, 29 (Fla. 2d DCA 1985); Faddish v. Buffalo Pumps, 881 F. Supp. 2d 1361, 1370 (S.D. Fla. 2012). For a claim based on a theory of negligent design, manufacturing or the failure to provide adequate warnings,

4

plaintiff must show that defendants owed a duty of care, that was breached, and the breach was a proximate cause of plaintiff's injury, and mostly importantly that the product itself was defective or unreasonably dangerous. Cooper v. Old Williamsburg Candle Corp., 653 F. Supp. 2d 1220, 1226 (M.D. Fla. 2009).

For both the strict liability claims and the negligence claims, plaintiff bears the burden of proof to show that the product was defective, Vela v. Sears Holding Corp., No. 10-CV-24011, 2011 WL 4737056, at *3 (S.D. Fla. Oct. 6, 2011), and a defect must be proven by expert testimony, Savage v. Danek Med., Inc., 31 F. Supp. 2d 980, 983 (M.D. Fla.), aff'd, 202 F.3d 288 (11th Cir. 1999); Payne v. C.R. Bard, Inc., No. 6:11-CV-1582-ORL-37, 2014 WL 1887297, at *2 (M.D. Fla. May 12, 2014), aff'd, 606 F. App'x 940 (11th Cir. 2015). Without a sufficient showing of a particular element, summary judgment is properly entered against a nonmoving plaintiff. Rink v. Cheminova, Inc., 400 F.3d 1286, 1295 (11th Cir. 2005).

In this case, plaintiff presented no evidence to support her burden as to any elements by failing to respond and failing to timely disclose an expert. Without any expert testimony or the potential for expert testimony at trial, the Court must grant summary judgment in favor of defendants.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. #35) is **GRANTED**.

2. The Clerk shall enter judgment in favor of defendants and against plaintiff. The First Amended Complaint is **dismissed with prejudice**. The Clerk is further directed to terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of September, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record